EDWARDS, Judge.
This is an appeal from a partial summary judgment rendered on the issue of liability only, in favor of the plaintiff, Alva (a/k/a Al) Burleigh, III, and against the defendant, Preston Chustz. After a thorough review of the record and applicable law, we find no error below and accordingly, affirm.
Background Facts
On August 31, 1988, the Parish of Pointe Coupee issued to Mr. Al Burleigh a 1988 Liquor Permit, No. 56 and a liquor license, No. 515. Each document was signed by the appropriate police jury members and by the defendant, Preston Chustz, Sheriff and Ex-officio Tax Collector for the Parish. On September 2, 1988, the State of Louisiana, Department of Public Safety and Corrections, Office of Alcoholic Beverage Control issued to Mr. Al Burleigh a 1988 Temporary Permit, No. T-39000381. On that same date, Mr. Burleigh began operating his business, the Cotton Mouth Saloon, and engaged in the buying and selling of alcoholic beverages, as authorized by his permit and license.
At approximately 5:00 p.m., deputies from the Pointe Coupee Parish Sheriffs Office, pursuant to instructions from the defendant, arrived at the Cotton Mouth Saloon, seized and took into custody Mr. Burleigh’s state and local permits, instructed Mr. Burleigh to close his business and took Mr. Burleigh into custody on the charge of operating his business without a license or permit.
Action of the Trial Court
Mr. Burleigh filed this action in damages against the defendant alleging that defendant’s actions were without constitutional or statutory authority and violated his “constitutional rights of due process, individual dignity, right to property, right to privacy, right to freedom from intrusion and to equal protection of the law.” Plaintiff further alleged that the defendant’s actions caused the loss of the lease on the premises through eviction and the loss of his successful business. The plaintiff filed a motion for partial summary judgment on the issue |gof liability only, which the trial court granted, finding that the defendant’s actions were carried out without constitutional or statutory authority and that defendant is liable to plaintiff for damages to be fixed at trial on the merits.
*1203 The Appeal
The defendant contends that the trial court erred in finding that the permit and license which were issued were valid or in failing to rule on the validity of such. According to the defendant, the plaintiffs permit was issued based on a mistaken belief that the plaintiff had fulfilled all necessary requisites. However, the plaintiff had advertised his notice of application in a Baton Rouge publication, rather than in a local Pointe Coupee publication, as required by LSA-R.S. 26:77. On this basis, defendant contends that the permit was invalid. Defendant also argues that it had the statutory authority to withhold the permit for up to thirty-five days following the submission of the plaintiffs application for such. He claims that his actions, taken two days following the issuance of Mr. Burleigh’s permit, constitute a legally permissible “withholding” of such permit.
Applicable Law
Defendant’s arguments have no merit; defendant has failed to follow the statutory procedure for withholding the permit or for contesting the validity of a permit and license which have already been issued. The defendant has the authority, pursuant to LSA-R.S. 26:86 to withhold the issuance of permits “in the manner and under the terms and conditions specified in this Chapter.” LSA-R.S. 26:87.A.(1) specifies the terms and conditions of such authority, in pertinent part, as follows:
The decision to withhold a local permit shall be made within thirty-five calendar days of the filing of the application. Within that period, the withholding authority shall notify the commissioner in writing that it is withholding the permit and give the reason therefor. Upon the receipt of this notice, ... the commissioner shall withhold the issuance of the applicant’s state permit. Within five calendar days after the receipt of the notice from local authorities, the commissioner shall notify the applicant in writing of the action and shall assign the reasons therefor.
ULSA-R.S. 26:87.A.(1) [emphasis added]. This procedure was not followed in the instant case. Defendant cites no authority to support his unilateral decision and actions in “withholding” Mr. Burleigh’s permit.
Defendant’s argument regarding the alleged invalidity of Mr. Burleigh’s permit and license may have merit if raised in the proper proceeding. However, the statutory procedure for contesting the validity was not followed in this matter. LSA-R.S. 26:91 lists as a cause for the suspension or revocation of a permit the following, in pertinent part:
(1) If the applicant ... failed to possess the qualifications required in R.S. 26:80 at the time of application or fail to maintain such qualifications during the licensed year.
The procedure for the suspension or revocation of permits which have been issued is outlined in LSA-R.S. 26:93. Essentially, the commissioner, upon finding a violation, must prepare and file a petition for suspension or revocation of the permit and “shall thereupon summon the permittee to appear and show cause why the permit should not be suspended or revoked.” Clearly, the defendant’s actions in unilaterally removing Mr. Burleigh’s permit and license and ordering him to shut his business, without first invoking the statutorily authorized procedure, were improper and without authority.
Therefore, the trial court did not err in granting the plaintiffs motion for partial summary judgment on the issue of liability. Accordingly, that judgment is affirmed; the defendant is assessed all costs of this appeal.
AFFIRMED.